IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| SARENA SCRUGGS | § | |
| | § | |
| V. | § | NO. 9:16-CV-54 |
| | § | |
| NANCY BERRYHILL, | § | |
| Commissioner of Social | § | |
| Security Administration | § | |

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits. The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the court affirm the Commissioner's decision.

The court considered the report and recommendation filed on April 26, 2017 (Doc. No. 25) and the Plaintiff's objections filed on May 8, 2017 (Doc. No. 26). A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), overruled on other grounds by Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Scruggs, who is represented by counsel, states in her objections that she "reasserts the arguments in her Brief and Reply Brief." (Doc. No. 26.) This objection is general and conclusory and need not be considered by the district court. See Nettles, 677 F.2d at 410. However, out of an abundance of caution, the court has conducted a *de novo* review of the purported objection in relation to the pleadings and the applicable law. See Fed. R. Civ. P. 72(b). After careful review, the court concludes that the Plaintiff's objection is without merit.

In addition, Scruggs argues that Judge Hawthorn did not adequately address her argument that the ALJ failed to weigh the medical opinions in accordance with 20 C.F.R. § 404.1527 and articulate the weight given to each of the medical opinions. She cites to her reply brief, wherein she first asserted this argument very briefly. (Doc. No. 24, p. 3.) However, her reply brief references transcript pages that are incorrect much like her entire original brief, which is a recycled, almost identical copy of her brief from an entirely different, previous social security appeal filed in 2014. Further, Scruggs argues that the ALJ only mentions Dr. John Nielsen and the state agency medical consultant's opinion, neither of which are treating doctors. On the contrary, under step two, ALJ Meyer discussed the opinions of Dr. John Nielsen, Dr. Harvey Dayton, Dr. Verna Barron, and Dr. Sydney Kroll. (Tr. 19-20.) At step four, ALJ Meyer discussed Dr. Dwayne Williams, Dr. Sydney Kroll, and Dr. Harvey Dayton . (Tr. 24-25.) Dr. Williams and Dr. Dayton are both treating doctors, and ALJ Meyer stated that he gave these opinions little weight because they were not well-supported by medically acceptable clinical and laboratory diagnostic techniques and are inconsistent with the other substantial evidence. (Id.) Moreover, Scruggs did not state which doctor(s) and/or opinions she felt ALJ Meyer failed to discuss nor how the failure to discuss such information would prejudice her case. Finally, legal arguments raised for the first time in a reply are waived. United States v. Bonilla-Mungia, 422 F.3d 316, 319 (5th Cir. 2005); Miles Bramwell USA, LLC v. Weight Watchers

Intern., Inc., No. 4:12-CV-292, 2013 WL 1797031, at *4 (E. D. Tex. Mar. 27, 2013), *report and recommendation adopted*, 4:12CV292, 2013 WL 1793934 (E. D. Tex. Apr. 26, 2013) (citing Branch v. CEMEX, Inc., No. H-11-1953, 2012 WL 2357280, at *9 (S. D. Tex. June 20, 2012) (citing Conway v. United States, 647 F.3d 228, 237 n. 8 (5th Cir. 2011))). Scruggs' argument in her reply is based entirely on information that was readily available to her at the time she filed her original brief. Consequently, the Court finds that this objection is without merit and has also been waived.

Accordingly, the court **ADOPTS** the magistrate judge's recommendation, **OVERRULES** the Plaintiff's objections, and **AFFIRMS** the Commissioner's denial of benefits. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

So **ORDERED** and **SIGNED** this **25** day of **May, 2017.**

_____
Ron Clark, United States District Judge